IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tara LeAnn Broxton, | C/A No. 0:18-2022-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Blue Ridge in the Fields, | |
| Defendant. | |

Plaintiff Tara LeAnn Broxton, a self-represented litigant, filed this action pursuant the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; alleging a violation of her constitutional rights. This matter is before the court on the plaintiff's motion for default judgment. (ECF No. 22.)

Following service of the Complaint, Defendant Blue Ridge in the Fields has not made an appearance in this matter. (See ECF No. 18.) Accordingly, the Clerk of Court entered default against Defendant Blue Ridge in the Fields, the sole defendant in this case, on November 9, 2018. Broxton filed a motion for default judgment on November 13, 2018.

Broxton is hereby directed to supplement her motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2) by **December 17, 2018**. The supplement should address the following: (1) whether Siera Doctor is an agent authorized by appointment or by law to receive service of process on behalf of Defendant Blue Ridge in the Fields (see ECF No. 18-1 at 1); (2) whether all damages claimed are liquidated or the matter seeks only specified declaratory judgment (allowing resolution without further hearing or motion and, if there are no other defendants, entry of judgment); (3) whether any claims for unliquidated damages are waived; (4) if

PJG

unliquidated damages claims are not waived, how those claims should be resolved. If the matter is ripe for resolution and unliquidated damage claims remain, Broxton should file a separate motion seeking resolution on written submissions under a summary judgment standard or through an evidentiary hearing. Such separate motion should address: (1) the damages sought (categories and amounts); (2) the standards by which the damages should be measured; (3) whether the matter may be resolved on the written submissions (and, if so, attaching supporting evidence); (4) if a hearing may be necessary, the witnesses and evidence which will be presented and estimated hearing time; and (5) whether a jury demand has been made (in which event a jury trial as to unliquidated damages may be required).

Broxton is further advised that if she fails to respond, **this action will be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 16, 2018
Columbia, South Carolina