IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tara LeAnn Broxton, | ) | C/A No. 0:18-2022-JFA-PJG |
|              Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Blue Ridge in the Fields, | ) | |
|              Defendant. | ) | |

Plaintiff Tara LeAnn Broxton, a self-represented litigant, filed this action pursuant the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; alleging a violation of her constitutional rights. Following service of the Complaint, Defendant Blue Ridge in the Fields has not made an appearance in this matter. (See ECF No. 18.) Accordingly, the Clerk of Court entered default against Defendant Blue Ridge in the Fields, the sole defendant in this case, on November 9, 2018. Broxton filed a motion for default judgment on November 13, 2018.

On November 16, 2018, the court issued an order directing Broxton to supplement her motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2). (ECF No. 23.) Specifically, the court instructed Broxton that, if the matter is ripe for resolution and unliquidated damage claims remain, Broxton should file a separate motion seeking resolution on written submissions under a summary judgment standard or through an evidentiary hearing addressing (1) the damages sought (categories and amounts); (2) the standards by which the damages should be measured; (3) whether the matter may be resolved on the written submissions (and, if so, attaching supporting evidence); (4) if a hearing may be necessary, the witnesses and evidence which will be presented and estimated hearing time; and (5) whether a jury demand has been made (in

PJG

which event a jury trial as to unliquidated damages may be required). Although Broxton submitted some evidence in response to this order, she has failed to fully comply with the court's instructions.

Accordingly, Broxton is directed to fully comply with the court's previous order, as outlined above. Any evidence—such as affidavits, declarations, documents, or other materials—in support of written submissions provided by Broxton should comply with Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56(c)(1), (4), & 56(e) (describing types of evidence necessary to support an assertion or fact). All affidavits, declarations, or other evidence submitted to the court must be made in good faith, and the facts sworn to in affidavits or affirmed in declarations must be true and submitted under penalties of perjury or subornation of perjury. 18 U.S.C. §§ 1621 and 1622.

Under applicable law, although the court must accept Broxton's well-pleaded factual allegations as true, the court must determine whether the unchallenged factual allegations constitute a legitimate cause of action and support the relief sought in the action. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). To establish a *prima facie* case against her employer for failure to accommodate under the ADA, she must show "(1) that [s]he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that with reasonable accommodation [s]he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Rhoads v. F.D.I.C., 257 F.3d 373, 387 n.11 (4th Cir. 2001) (quoting Mitchell v.

PJG

Washingtonville Ctr. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999)); see also Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013).  With regard to a claim for discriminatory discharge based upon a disability, some courts have stated that to establish a *prima facie* case, a plaintiff must show:  (1) that she was a disabled individual within the meaning of the ADA; (2) that she was discharged; (3) that she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) that the circumstances of her discharge raise a reasonable inference of unlawful discrimination.  See 42 U.S.C. § 12112(a); Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012) (citing Rohan v. Networks Presentations LLC, 375 F.3d 266, 273 n.9 (4th Cir. 2004)); Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696 (4th Cir. 2001).  Additionally, "[a] retaliatory discharge claim under the ADA has three *prima facie* elements:  [the plaintiff] must show (1) that [s]he engaged in protected activity; (2) that [her] employer took an adverse action against [her]; and (3) that a causal connection existed between the adverse activity and the protected action."  Haulbrook, 252 F.3d at 706.  "Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded."  10A Wright, Miller & Kane, supra, § 2688 at 63.

Based on the foregoing, it is

**ORDERED** that Broxton shall file a motion as directed above within twenty-one (21) days from the date of this order.  Broxton is further advised that if she fails to comply, **this action may be recommended for dismissal with prejudice for failure to prosecute.**  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 28, 2019
Columbia, South Carolina