IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tara LeAnn Broxton,<br><br>                   Plaintiff,<br><br>vs.<br><br>Blue Ridge in the Fields,<br><br><br>                   Defendant. | C/A No.0:18-2022-JFA-PJG<br><br><br>**ORDER** |

**I.     INTRODUCTION**

The *pro se* Plaintiff, Tara LeAnn Broxton, filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., against Defendant Blue Ridge in the Fields ("Defendant" or "Blue Ridge") alleging a violation of her constitutional rights. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. On November 9, 2018, after Defendant Blue Ridge failed to respond or otherwise plead, the Clerk of Court entered default against Defendant. (ECF No. 22). Following entry of default, on November 13, 2018, Plaintiff filed a Motion for Default Judgment as to Defendant Blue Ridge. (ECF No. 22). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that the Motion for Default

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Judgment be denied and this matter be dismissed. (ECF No. 33). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Following Plaintiff's Motion for Default Judgment, the Court issued orders directing Plaintiff to supplement her motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2), and Plaintiff appears to have responded to the best of her abilities. On December 11, 2018, Plaintiff filed a Supplement to the Motion for Default Judgment. (ECF No. 26). After the Court issued another order directing Plaintiff to supplement her motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2), Plaintiff filed a Motion for an Evidentiary Hearing on March 20, 2019. (ECF No. 30).

Thereafter, the Magistrate Judge issued the Report on May 6, 2019. (ECF No. 33). Plaintiff filed objections to the Report on July 8, 2019. (ECF No. 40). On that same day, Plaintiff also filed a second Motion for Default Judgment as to Defendant Blue Ridge. (ECF No. 41). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, "general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do no warrant *de novo* review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 55(b), after the Clerk of Court has entered default, a plaintiff may seek a default judgment. *See United States v. Ragin*, 113 F.3d 1233 (4th Cir. 1997). Once a defendant is in default, the court accepts a plaintiff's well-pleaded factual allegations as true. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) ("Due to [the defendant's] default, we accept [the plaintiff's] allegations against him as true.") (citing *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.")).

However, the defendant is not held to have admitted conclusions of law. *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). Thus, the court must still determine if the unchallenged factual allegations constitute a legitimate cause of action and support the relief sought. *See Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in Appellants' complaint support the relief sought in this action."); *see also Silvers v. Iredell Cty. Dep't of Soc. Servs.*, No. 515CV00083RLVDCK, 2016 WL 427953, at *4 (W.D.N.C. Feb. 3, 2016), *aff'd*, 669 F. App'x 182 (4th Cir. 2016) ("[T]he Fourth Circuit has declared that, upon a plaintiff's application for default judgment, district courts have an obligation to review the complaint to determine whether the plaintiff has alleged well-pleaded facts *and*, assuming those well-pleaded facts are true, whether the complaint states a 'sufficient basis' on which judgment may be entered.") (internal citations omitted).

## III. DISCUSSION

After detailed consideration of the Report, the pleadings and motions, and the objections, the Court modifies the Report (ECF No. 33) in part as set forth below. Additionally, the Court adopts those portions of the Report (ECF No. 33) which are not inconsistent with this Order.

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DISCRIMINATORY DISCHARGE BASED UPON A DISABILITY UNDER THE ADA.

Some courts have held that a plaintiff establishes a *prima facie* case for wrongful discharge based upon a disability under the ADA if a plaintiff demonstrates that "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001).

The Magistrate Judge correctly opines that Plaintiff's factual allegations as pled do not support a claim for discriminatory discharge based upon a disability under the ADA. The Magistrate Judge points out Plaintiff only states that she was "injured" and does not specify what type of injury she received. The Magistrate Judge opines: "Such summary allegations wholly fail to establish that Broxton suffers or suffered from a disability as defined under the ADA or that she otherwise meets the statutory requirements for such a disability. 42 U.S.C. § 12102(1)."

"Under the ADA, a 'disability' may take any of the following forms: (1) 'a physical or mental impairment that substantially limits one or more major life activities' (the 'actual-disability' prong); (2) 'a record of such an impairment' (the 'record-of' prong); or (3) 'being regarded as having such an impairment' (the 'regarded-as" prong)." *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (quoting 42 U.S.C. § 12102(1)). As defined by statute, examples of major life activities include "caring for oneself, performing manual tasks, seeing,

hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

Plaintiff attempts to object to this portion of the Report by stating "Plaintiff contends that an injury leading to a disability (physical disability) occurred does meet *prima facie*." (ECF No. 40 p. 2). However, this general and conclusory objection does not direct the Court to a specific error in the Magistrate's proposed findings and recommendations and is not a specific objection. Next, Plaintiff goes on to state new factual allegations that are not contained in her Complaint or supplement. Plaintiff's objections state the following new factual allegations:

> "Plaintiff was injured while working, she was struck in the shoulder by a patient. This incident caused Plaintiff to seek medical care."
>
> "Pertaining specifically to Plaintiff to include: caring for oneself, performing manual tasks, lifting, and working."
>
> "Plaintiff did report incident and therefore sought medical treatment, evidenced by medical records, physician visits, etc."
>
> "Plaintiff contends that employment was terminated due to an injury at work that led to a legally defined disability, inability to being able to perform duties as outlined and as previously performed."
>
> "Plaintiff contends that employer did not comply with nor cooperate in carrying out a plan of treatment with physician; thus terminating due to a disability."

Plaintiff's objections assert new facts that were not alleged in the Complaint nor in the supplemental filings and thus were not before the Magistrate at the time she reviewed the record and issued the Report. Plaintiff was previously given a chance to supplement and cannot now use her objections to plead new facts. *See Cleveland v. Duvall*, No. 8:14-CV-04305-RBH, 2015 WL 6549287, at *2 (D.S.C. Oct. 28, 2015), *aff'd*, 647 F. App'x 156 (4th Cir. 2016) ("Plaintiff cannot use his objections to plead new facts not alleged in his complaint."); *see also Backus v. Cox,* No. 4:13–CV–00881–RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however,

cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . .").

This Court declines to view Plaintiff's new factual allegations asserted in the objections in the same light as the facts asserted in Plaintiff's Complaint and supplements thereto. *See Cleveland*, 2015 WL 6549287, at *2 ("Moreover, the Court need not view these new factual allegations in the same light as those made in Plaintiff's complaint, and it declines to do so here.") *See Goodman v. Wexford Health Sources, Inc.*, 425 F. App'x 202, 204–05 (4th Cir. 2011) ("However, [the plaintiff] cites no supporting authority, nor have we found any, for the proposition that, when reviewing a complaint for failure to state a claim under 28 U.S.C. § 1915A, factual assertions contained in the plaintiff's objections to the magistrate's recommendation must be viewed in the same light as factual assertions contained in the initial complaint."); *Hewitt v. Amonitti*, No. 0:12-CV-665-MGL, 2013 WL 144178, at *3 (D.S.C. Jan. 14, 2013) ("Plaintiff raises several factual assertions in his Objections to the Report and Recommendation that were not raised in the complaint and therefore were not before the Magistrate Judge when she reviewed Defendant's Motion to Dismiss. This Court is not obligated to view these factual obligations in the same light as assertions made in Plaintiff's initial complaint and declines to do so here.").

Thus, because Plaintiff's new factual allegations are not properly considered in the context of objections, the Court overrules Plaintiff's objections containing any new factual allegations.[2]

---

[2] This Court notes that Plaintiff's objections appear to assert new facts alleging that Defendant failed to provide Plaintiff reasonable accommodations. "To establish a prima facie case for failure to accommodate under the Rehabilitation Act, an employee must show: (1) she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations." *Edmonson v. Potter*, 118 F. App'x 726, 728 (4th Cir. 2004). Plaintiff's Complaint was not initially construed to assert this cause of action and because Plaintiff's new factual allegations are not properly considered in the context of objections, the Court overrules Plaintiff's objections containing any new factual allegations. In

*See Cleveland*, 2015 WL 6549287, at *2 ("Accordingly, because new factual allegations are not properly considered in the context of an objection to an R & R, the Court overrules Plaintiff's objection.").

The Magistrate Judge correctly opines that Plaintiff's factual allegations fail to establish Plaintiff suffers or suffered from a disability as defined under the ADA. Plaintiff's Complaint merely states: "On or about DATE, April 10, 2017 plaintiff was injured." (ECF No. 1). Plaintiff's supplement further asserts that Plaintiff "was injured while on duty at Blue Ridge in the Fields." (ECF No. 26). Plaintiff's Complaint and supplement do not explain how she received this injury, the nature of the injury, the extent and duration of the injury, etc. Thus, Plaintiff's factual allegations taken as true fail to establish a *prima facie* case for discriminatory discharge.

### B. PLAINTIFF HAS STATED A *PRIMA FACIE* CLAIM FOR RETALIATION.

The Magistrate Judge opines that Plaintiff's factual allegations fail to support a retaliation claim against Defendant. (ECF No. 33 p. 3).

Plaintiff's objections state:

> In regards to harassment and retaliation, Plaintiff overheard coworkers discussing and making statements concerning her injury. This constitutes a breach in confidentiality in regards to employee information and personal/medical information. Plaintiff reported to Human Resources in May 2017, without resolve. Plaintiff filed complaint with SC Human Affairs Commission in October 2017, with response in November 2017. Plaintiff received and filed U.S EEOC Notice of Right to Sue, dated June 1, 2018. Alleged and filed after discharge from facility.

(ECF No. 40 p. 2).

---

any event, as explained below, Plaintiff has not established she was an individual with a disability within the meaning of the ADA. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001) ("[C]laims under the ADA for unlawful termination and failure to make a reasonable accommodation both require a showing that she was 'disabled' within the meaning of the ADA.").

As an initial matter, the Magistrate Judge correctly opines that Plaintiff "provides evidence that she filed a complaint with the South Carolina Human Affairs Commission in November 2017 alleging discrimination under the ADA; however, this protected activity occurred well after the adverse employment action of [the Plaintiff's] termination in June 2017." Plaintiff's protected activity of filing a complaint with the South Carolina Human Affairs Commission occurred after Plaintiff was terminated and thus cannot support a retaliation claim. *See Manguiat v. Bd. of Educ. of Prince George's Cty.*, No. GJH-13-1165, 2015 WL 2376008, at *9 (D. Md. May 18, 2015) ("Thus, because the alleged retaliation took place before [the plaintiff] engaged in protected activity there can be no causal connection between the two.") (citing *Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 309 (4th Cir. 2006)).

The Magistrate Judge next addresses Plaintiff's supplemental filing but concludes that Plaintiff does not allege any actions that constitute protected activity under the ADA. This Court disagrees.

The ADA prohibits an employer from retaliating against an employee for engaging in protected activity, that is, "oppos[ing] any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter." 42 U.S.C. § 12203(a). "To make out a *prima facie* claim of retaliation under the ADA, a plaintiff must satisfy three elements: (1) the plaintiff engaged in a protected activity, (2) the employer took an adverse employment action against the plaintiff, and (3) a causal connection existed between the protected activity and the adverse employment action." *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011).

In part, Plaintiff's Complaint states:

"[A]fter becoming injured plaintiff was called half an employ." (ECF No. 1 p. 5).

"On May 5, 2017 reported discrimination to Human Resource Director Shana White." (ECF No. 1 ¶ 36).

Plaintiff's supplement further states:

> After my injury I was harassed and called a half an employee on several occasions, specifically by the Assistant Director of Nursing Lauren LaRoque. Upon the Courts request, dates can be provided. I the Plaintiff, Tara Broxton reported these incidents to the Director of Human Resources Shana White, who stated she would speak with the Director of Nursing Luther Reeves, which never resulted in any relief. It wasn't until after my injury that I Tara Broxton the Plaintiff received a write up for missing work months earlier, which I did not sign. I the Plaintiff Tara Broxton received a letter from Defendant Blue Ridge in the Fields on May 23, 2017, stating that I Tara Broxton would be terminated on June 29, 2017 if I was unable to return to normal duty. I the Plaintiff, Tara Broxton expressed my concerns to Human resource Director Shana White, who was employed by the Defendant Blue Ridge in the Fields, the concerns were workers compensation would not allow me the Plaintiff Tara Broxton an appointment to return to the company's s physician to find out what the result of my injury would consist of. Despite my plea I was terminated any way on June 29, 2017, due to the injury I obtained on the job, while employed by the defendant Blue Ridge in the Fields. My job was never threatened until I Tara Broxton the Plaintiff, was injured, resulting in a disability.

(ECF No. 26).

Thus, in light most favorable to Plaintiff, she alleges that after she was injured on the job, she "was harassed and called a half an employee on several occasions, specifically by the Assistant Director of Nursing Lauren LaRoque." On May 5, 2017, Plaintiff "reported discrimination" and "these incidents" to "the Director of Human Resources Shana White, who stated she would speak with the Director of Nursing Luther Reeves, which never resulted in any relief." Thereafter, less than three weeks after reporting discrimination to the Director of HR, Plaintiff "received a letter from Defendant Blue Ridge in the Fields on May 23, 2017, stating that I Tara Broxton would be terminated on June 29, 2017 if I was unable to return to normal duty."

This Court disagrees with the Magistrate's recommendation that Plaintiff has not established she engaged in protected activity. Plaintiff engaged in protected activity on May 5,

2017 when she reported discrimination to the Director of HR. This court finds *Caldwell v. Correct Care Solutions*, an unpublished opinion from this district, persuasive. In that case, the court reasoned:

> In her complaint, [the plaintiff] alleges that she engaged in protected activity when she complained to human resources that her supervisor, Bosch, was treating her differently because of her medical condition. The record reveals that Plaintiff told Creasy, the Human Resources Coordinator, that "[Bosch] is treating me differently because I'm having to take off for medical reasons." Defendant argues that this complaint does not amount to protected activity because Plaintiff did not complain that Bosch was treating her differently because of her multiple sclerosis. To constitute protected activity, a plaintiff must have conveyed to the employer a reasonable belief that the actions complained of violated federal law. *Jordan v. Alternative Res. Corp.,* 458 F.3d 332, 340–41 (4th Cir. 2006) (stating that "an employee seeking protection from retaliation must have an objectively reasonable belief in light of all the circumstances that a Title VII violation has happened or is in progress") (citing *Equal Employment Opportunity Comm'n v. Navy Federal Credit Union,* 424 F.3d 397 (4th Cir. 2005)). The evidence in the record on this issue is weak but sufficient to show that Plaintiff believed she was complaining of conduct violative of the ADA.

*Caldwell v. Correct Care Sols.*, LLC, No. CA 3:13-1202-CMC-TER, 2015 WL 3903686, at *12 (D.S.C. June 25, 2015) (internal citations to the record omitted).

This Court disagrees that Plaintiff's "complaints do not appear to be directed towards conduct by her employer that would be unlawful under the ADA." (ECF No. 33 p. 5). *See Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002) ("A plaintiff need not establish that the conduct she opposed actually constituted an ADA violation. But a complainant must allege the predicate for a reasonable, good faith belief that the behavior she is opposing violates the ADA.") (internal citations omitted). Thus, although weak, Plaintiff has sufficiently alleged that she engaged in protected activity.

Next, Plaintiff alleges that an adverse employment action was taken against her because she was ultimately terminated on June 29, 2017 after receiving a letter on May 23, 2017 stating that Plaintiff would be terminated on June 29, 2017 if she did not return to normal duty.

Lastly, Plaintiff has sufficiently established the third element—that a causal connection existed between the protected activity and the adverse employment action. "[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." *Price v. Thompson,* 380 F.3d 209, 213 (4th Cir. 2004).

Here, on May 5, 2017, Plaintiff reported discrimination to the Director of HR. Less than three weeks after reporting discrimination to the Director of HR, Plaintiff received a letter from Defendant on May 23, 2017 stating that she would be terminated on June 29, 2017 if Plaintiff was unable to return to normal duty. Plaintiff was ultimately terminated on June 29, 2017. *See Silva v. Bowie State Univ.*, 172 F. Appx 476, 478 (4th Cir. 2006) ("[W]e find that the ten-week lapse of time sufficiently established a prima facie case of retaliation."); *see also Mitchell v. Sec'y Veterans Affairs*, 467 F. Supp. 2d 544, 554 (D.S.C. 2006), *aff'd sub nom. Mitchell v. Principi*, 268 F. App'x 215 (4th Cir. 2008) (finding that the Plaintiff presented evidence supporting a claim for retaliation and stating "[b]ecause the adverse employment action occurred only three weeks after the alleged protected activity, there is a genuine issue of material fact as to whether a causal connection exists between the two events"); *Fleming v. S.C. Dep't of Corr.*, 952 F. Supp. 283, 288 (D.S.C. 1996) ("Such a transfer one month after the plaintiff rejected Sewell's advances is sufficient to indicate a causal connection between the protected activity and the adverse employment action. The discharge of an employee shortly after the employee engages in protected activity is strongly suggestive of retaliatory motive and thus indirect proof of causation.").

Thus, Plaintiff has established a *prima facie* claim for retaliation and this claim will not be dismissed.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court **adopts in part** the Magistrate Judge's Report and Recommendation. (ECF No. 33).

The Court agrees with the Magistrate that Plaintiff fails to state a claim for discriminatory discharge under the ADA. Accordingly, Plaintiff's claim against the Defendant for discriminatory discharge based upon a disability under the ADA is **dismissed with prejudice**.

The Court finds that Plaintiff has stated a *prima facie* claim for retaliation against Defendant. Thus, this Court will not dismiss Defendant's retaliation claim and will conduct a damages hearing on this claim. Due to the fact the Complaint does not set forth a sum certain for damages, Plaintiff's Motions for Default Judgment (ECF Nos. 22 & 41) are **denied**.

However, Plaintiff's Motion for an evidentiary hearing (ECF No. 30) is **granted**. The Court, having entered default against Defendant, will conduct a hearing on the question of damages on Plaintiff's claim for retaliation only on **August 22, 2019 @ 2:00 PM** in Courtroom IV of the Matthew J. Perry, Jr. Federal Courthouse, 901 Richland Street, Columbia, South Carolina. Plaintiff is instructed to attend the damages hearing to present evidence of damages regarding the retaliation claim.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 24, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge